## N. H. WORKMEN'S CIRCLE EDUCATIONAL CENTER, INC.

vs.

## CITY OF NEW HAVEN

Superior Court    New Haven County    File #51650

Present:   Hon. EARNEST C. SIMPSON, Judge.

Joseph I. Kopelman,                Attorney for the Plaintiff.

The Corporation Counsel,
  Daniel S. Rivkin,                Attorney for the Defendant.

### MEMORANDUM FILED MARCH 4, 1937.

SIMPSON, J.   This is an appeal from the Board of Relief of the City of New Haven which held that plaintiff's real estate in New Haven was not exempt from taxation as claimed by it.

The appellant claims that it is an educational, literary and benevolent organization within the meaning of **Section 1163 of the General Statutes** and for this reason its property is exempt from taxation.   The pertinent provision of the statute is as follows:

"Subject to the provisions of Sections 1164 and 1165 the real property of, or held in trust for, a Connecticut corporation organized exclusively for scientific, educational, literary, historical or charitable purposes or for two or more such purposes and used exclusively for carrying out one or more said purpose",

shall be exempt from taxation.

The membership of the plaintiff is composed to a large extent of socialists, and while it may not be a political party, and while it may, as appears from its charter be organized, as

set forth in the appeal, for educational, literary and benevolent purposes, and otherwise come within the statute so far as its purposes and aims and disposition of its assets in case of dissolution, it does not appear that its property is exempt from taxation.

The burden was upon the plaintiff to show that it comes within the statute, not only so far as its organization and disposition of what funds it may legitimately receive by way of dues, contributions or otherwise is concerned, but also to show that its property is used **exclusively** for one or more of the purposes specified in the statute. It is as important to show this exclusive use as well as any other fact enabling it to claim exemption. The fact is that there are at least two organizations using the property with plaintiff's consent for commercial purposes. These are the Progressive Loan Association and the Merchant's Loan Association. These two organizations occupy a substantial portion of plaintiff's building, and it is conceded they are engaged in a private enterprise for gain. The plaintiff claims they pay no rent but only make voluntary donations to plaintiff. Whether they pay no rent or make voluntary donations for the use of the rooms they occupy is immaterial. **Section 1165 of the General Statutes** provides in part as follows:

"The real property belonging to or held in trust for any organization **not used exclusively** for carrying out one or more of such purposes, but leased, rented or otherwise used for other purposes shall not be exempt."

And then apparently to give such an organization full benefit of the statute so far as possible, the statute (1165) further provides that

"If a portion only of any lot or building belonging to, or held in trust for, any such organization shall be **used exclusively** for carrying out one or more such purposes, such lot or building shall be so exempt only to the extent of the portion so used and the remaining portion shall be subject to taxation."

Emphasis therefore is put on the fact that property must be used exclusively by such a corporation for one or more of the purposes named in the statute. In this case this is not the fact.

The appeal is therefore dismissed.